# 25-149

---

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

**Docket No. 25-149**

_____

RAUL RIVERA-PEREZ,

*Petitioner-Appellee,*

-vs-

R. STOVER, WARDEN,

*Respondent-Appellant,*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CONNECTICUT

---

### RESPONDENT-APPELLANT'S APPENDIX

MARC H. SILVERMAN
*Acting United States Attorney*
*District of Connecticut*
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821-3700

J. BRIAN MESKILL
SANDRA S. GLOVER *(of counsel)*
*Assistant United States Attorneys*

## Table of Contents

District Court Docket Sheet .......................... AA1

Habeas Petition, filed October 13, 2023
(ECF 1)....................................................... AA5

Order denying motion to dismiss; granting
petition for writ of habeas corpus, entered
November 18, 2024 (ECF 18)..................... AA55

Judgment, entered November 19, 2024
(ECF 19)................................................... AA73

Notice of Appeal, filed January 16, 2025
(ECF 20)................................................... AA74

APPEAL,CLOSED,EFILE,HABEAS,PROSE,RMS

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:23-cv-01348-SRU

Rivera-Perez v. Stover
Assigned to: Judge Stefan R. Underhill
Referred to: Judge Robert M. Spector
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 10/13/2023
Date Terminated: 11/19/2024
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

### Petitioner

**Raul Rivera-Perez**

represented by **Terence S. Ward**
Federal Public Defender's Office
10 Columbus Blvd., 6th Floor
Hartford, CT 06106
860-493-6260
Fax: 860-493-6269
Email: Terence_Ward@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Respondent

**R. Stover**
*Warden*

represented by **J. Brian Meskill**
DOJ-USAO
450 Main Street
Room 328
Hartford, CT 06103
860-760-7966
Email: brian.meskill@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2023 | 1 | PETITION for Writ of Habeas Corpus, filed by Raul Rivera-Perez. (Fanelle, N.) (Entered: 10/16/2023) |
| 10/13/2023 | 2 | ORDER: We received your Petition for Writ of Habeas Corpus which has been assigned case number 3:23-cv-01348. In order to proceed, the filing fee or a Motion for Leave to Proceed In Forma Pauperis must be submitted to the Court by 11/12/2023 or the case will be subject to dismissal. Fee information and the Motion for Leave to Proceed In Forma Pauperis form may be found on the Court's website at ctd.uscourts.gov. Dismissal due by 11/12/2023<br>Signed by Clerk on 10/13/2023. (Fanelle, N.) (Entered: 10/16/2023) |

AA1

| 10/13/2023 | | Judge Stefan R. Underhill and Judge Robert M. Spector added. (Oliver, T.) (Entered: 10/16/2023) |
|---|---|---|
| 10/13/2023 | 3 | STANDING PROTECTIVE ORDER<br>Signed by Judge Stefan R. Underhill on 10/13/2023. (Oliver, T.) (Entered: 10/16/2023) |
| 10/13/2023 | 4 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Stefan R. Underhill on 10/13/2023. (Oliver, T.) (Entered: 10/16/2023) |
| 10/19/2023 | | Filing fee received from Raul Rivera Perez: $5.00, receipt number BPT-13945. (Imbriani, Susan) (Entered: 10/19/2023) |
| 10/20/2023 | 5 | ORDER: Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Doc. No. 1 . It hereby is ORDERED that Respondent file a response on or before December 15, 2023, explaining why the relief prayed for in the petition for writ of habeas corpus should not be granted. The court respectfully requests the Clerk of Court to serve a copy of this order, the initial petition, and all attachments to Respondent's representative, Assistant U.S. Attorney Michelle McConaghy, by email on or before November 3, 2023. Signed by Judge Stefan R. Underhill on 10/20/2023. (Markowitz, C.) (Entered: 10/20/2023) |
| 11/03/2023 | 6 | AFFIDAVIT in Support re 1 Petition for Writ of Habeas Corpus. Signed By Raul Rivera Perez filed by Raul Rivera-Perez. (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 11/03/2023) |
| 11/30/2023 | 7 | Supplemental Brief in Support re 1 Petition for Writ of Habeas Corpus filed by Raul Rivera-Perez. (Oliver, T.) (Entered: 11/30/2023) |
| 12/15/2023 | 8 | NOTICE of Appearance by J. Brian Meskill on behalf of R. Stover (Meskill, J. Brian) (Entered: 12/15/2023) |
| 12/15/2023 | 9 | RESPONSE TO 5 Order,, by R. Stover filed by R. Stover. (Attachments: # 1 Ex. 1 - Smith Declaration, # 2 Smith Declaration Ex. 1, # 3 Smith Declaration Ex. 2, # 4 Smith Declaration Ex. 3, # 5 Smith Declaration Ex. 4, # 6 Smith Declaration Ex. 5, # 7 Ex. 2 - DiGiacomo Declaration)(Meskill, J. Brian) (Entered: 12/15/2023) |
| 12/15/2023 | 10 | CERTIFICATE OF SERVICE by R. Stover (Meskill, J. Brian) (Entered: 12/15/2023) |
| 12/26/2023 | 11 | NOTICE by Raul Rivera-Perez re 9 Response to Order to Show Cause (Attachments: # 1 Exhibit A, # 2 Envelope)(Reis, Julia) (Entered: 12/26/2023) |
| 01/09/2024 | 12 | RESPONSE re 11 Notice (Other) filed by R. Stover. (Meskill, J. Brian) (Entered: 01/09/2024) |
| 01/19/2024 | 13 | MOTION to Dismiss by R. Stover.Responses due by 2/9/2024 (Attachments: # 1 Memorandum in Support)(Meskill, J. Brian) (Entered: 01/19/2024) |
| 01/19/2024 | 14 | NOTICE by R. Stover re 13 MOTION to Dismiss - *Notice to Self-Represented Litigant* (Attachments: # 1 Attachment)(Meskill, J. Brian) (Entered: 01/19/2024) |
| 01/19/2024 | 15 | CERTIFICATE OF SERVICE by R. Stover (Meskill, J. Brian) (Entered: 01/19/2024) |
| 10/17/2024 | 16 | NOTICE.<br><br>This notice serves to inform the parties that the Court reads the habeas petition in this case as raising the issue whether Rivera-Perez's unused FSA time credits should be applied to reduce his term of supervised release.<br><br>Though Rivera-Perez's habeas petition expressly sought "immediate release to home |

AA2

confinement," see pet., doc. no. 1, at 14, that request for relief is now moot because Rivera-Perez has been transferred to prerelease custody. *See* Mot. to Dismiss, Doc. No. 13-1. However, I must liberally construe Rivera-Perez's *pro se* petition to raise the strongest arguments it suggests. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Liberally construing his challenge to "the B.O.P.'s failure to properly apply earned First Step Act [credits], and Constitutional violations deriving from the B.O.Ps failure to properly apply earned First Step Act time credits," pet., doc. no. 1, at 10, I interpret his petition as also raising the alternative argument that any remaining credits that were not applied by the B.O.P. to transfer Rivera-Perez to prerelease custody should be applied to reduce his time on supervised release. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits... shall be applied toward time in prerelease custody or supervised release.").

The parties shall submit briefing **within 3 weeks of the date of this Notice**, responding to the question whether the Court may apply any remaining FSA time credits to reduce Rivera-Perez's term of supervised release.

Signed by District Judge Stefan R. Underhill on 10/17/2024. (Markowitz, C) (Entered: 10/17/2024)

| 11/07/2024 | 17 | RESPONSE re 16 Notice,,,,,, filed by R. Stover. (Meskill, J. Brian) (Entered: 11/07/2024) |
| 11/18/2024 | 18 | ORDER **denying** 13 Motion to Dismiss; **granting** 1 Petition for Writ of Habeas Corpus. For the reasons set forth in the attached Order, the BOP is directed to calculate the number of Petitioner's unused FSA time credits and inform the U.S. Probation Office for the Middle District of North Carolina of that calculation so that it can apply those credits toward Petitioner's term of supervised release.<br>The Clerk is instructed to close this case. Signed by District Judge Stefan R. Underhill on 11/18/2024. (Markowitz, C) (Entered: 11/18/2024) |
| 11/19/2024 | 19 | JUDGMENT entered in favor of Raul Rivera-Perez against R. Stover.<br><br>For Appeal Forms please go to the following website:<br>http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms<br>Signed by District Judge Stefan R. Underhill on 11/19/2024. (Reis, J) (Entered: 11/19/2024) |
| 11/19/2024 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Reis, J) (Entered: 11/19/2024) |
| 01/16/2025 | 20 | NOTICE OF APPEAL by R. Stover. (Meskill, J. Brian) (Entered: 01/16/2025) |
| 01/17/2025 | 21 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 20 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Oliver, T.) (Entered: 01/17/2025) |

AA3

| 01/29/2025 | 22 | ORDER. It has come to the Court's attention that, as of December 3, 2024, Mr. Rivera-Perez is no longer in BOP custody. Therefore, Mr. Rivera-Perez's address of record is incorrect. The Clerk, having confirmed Mr. Rivera-Perez's current address with RRM Raleigh, is directed to update Mr. Rivera-Perez's address to 268 Lake Land Port, Sanford, NC 27332. The government is directed to serve a copy of its Notice of Appeal, doc. no. 20, on Mr. Rivera-Perez at that address. Signed by District Judge Stefan R. Underhill on 1/29/2024. (Markowitz, C) (Entered: 01/29/2025) |
|---|---|---|
| 01/30/2025 | 23 | CERTIFICATE OF SERVICE by R. Stover re 20 Notice of Appeal, 22 Order,, (Meskill, J. Brian) (Entered: 01/30/2025) |
| 03/10/2025 | 24 | MOTION to Appoint Counsel by Raul Rivera-Perez. (Ward, Terence) (Entered: 03/10/2025) |
| 03/10/2025 | 25 | MOTION to Seal Financial Affidavit by Raul Rivera-Perez. (Ward, Terence) (Entered: 03/10/2025) |
| 03/10/2025 | 26 | FINANCIAL AFFIDAVIT by Raul Rivera-Perez. (Ward, Terence) (Entered: 03/10/2025) |
| 03/11/2025 | 27 | ORDER granting 24 Motion to Appoint Counsel and 25 Motion to Seal. The Court hereby APPOINTS Attorney Terence S. Ward, of the Federal Public Defender's Office, to represent Raul Rivera-Perez with respect to his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Should associate counsel be required, counsel shall file the appropriate motion requesting authorization. Signed by Judge Stefan R. Underhill on 3/11/2025. (Markowitz, C) (Entered: 03/11/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/18/2025 09:59:56 | | |
| **PACER Login:** | sandraglover | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-01348-SRU |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

AA4

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

Raul Rivera-Perez
_____
*Petitioner*

v.

Warden R. Stover
_____
*Respondent*

*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)  Case No. _____
)
)       *(Supplied by Clerk of Court)*
)
)
)

OCT 19 2023 11:19
LED - USDC - BPT - CT

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: **Raul Rivera-Perez**

    (b) Other names you have used:

2.  Place of confinement: **FCI Danbury**

    (a) Name of institution: **FCI Danbury**

    (b) Address: **33 1/2 Pembroke Rd Danbury, CT 06811**

    (c) Your identification number: **04661-069**

3.  Are you currently being held on orders by:

    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

    **U.S. Bureau of Prisons**

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you: **U.S. District Court of Puert Rico 150 Carlos Chardon Ave, Room 150 (San Juan, PR 00918)**

    (b) Docket number of criminal case: **97-CR-245-01 (PG)**

    (c) Date of sentencing: **05-11-2001**

    ☐ Being held on an immigration charge

    ☑ Other *(explain):* **Serving Federal Sentence for 21 U.S.C. § 846**

AA5

Page 2 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other (explain):  Denial of Statutory and Constitutional law. See 18 U.S.C. § 3632 (d)(4)(C); 18 U.S.C. § 3624 (g); See also U.S. Const. Amend. V and VIII

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  F.C.I. Danbury (U.S. Bureau of Prisons), Pembroke Station, Danbury, CT 06811

(b)  Docket number, case number, or opinion number:  N/A

(c)  Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):  I am challenging the execution of my sentence and violation of my Constitutional rights.

(d)  Date of the decision or action:  N/A

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes                    ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:  FCI Danbory

(2)  Date of filing:  August 2, 2023

(3)  Docket number, case number, or opinion number:  Remedy Id: 1170732-F1

(4)  Result:  Denied

(5)  Date of result:  August 29, 2023

(6)  Issues raised:  I challenged the execution of my sentence, regarding the FSA and my Constitutional rights.

AA6

Page 3 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: *I appealed to the Northeast Regional Director's Office of the B.O.P.*

8.    **Second appeal**
      After the first appeal, did you file a second appeal to a higher authority, agency, or court?
      ☑ Yes            ☐ No
      (a) If "Yes," provide:
            (1) Name of the authority, agency, or court: *Northeast Regional Director's Office (U.S. Bureau of Prisons)*
            (2) Date of filing: *September 6, 2023*
            (3) Docket number, case number, or opinion number: *Remedy ID: 1170732-F1*
            (4) Result:
            (5) Date of result: *No result (B.O.P. has misrepresented remedy process)*
            (6) Issues raised: *Execution of my Sentence regarding the FSA and my Constitutional rights.*

      (b) If you answered "No," explain why you did not file a second appeal:

9.    **Third appeal**
      After the second appeal, did you file a third appeal to a higher authority, agency, or court?
      ☐ Yes            ☑ No
      (a) If "Yes," provide:
            (1) Name of the authority, agency, or court:

            (2) Date of filing:
            (3) Docket number, case number, or opinion number:
            (4) Result:
            (5) Date of result:
            (6) Issues raised:

AA7

Page 4 of 10

(b) If you answered "No," explain why you did not file a third appeal:   The B.O.P. has abused its authority by misrepresenting the administrative remedy process by exceeding the deadline to respond with no notice of extention.

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes                    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                 ☑ No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                 ☑ No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: *Because 28 U.S.C. § 2241 is the appropiate Vehicle regarding the issues being raised*

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☑ No

If "Yes," provide:

(a)   Date you were taken into immigration custody:

(b)   Date of the removal or reinstatement order:

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☑ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d)   Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☑ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

AA9

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a)  Kind of petition, motion, or application:

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing:

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result:

(g)  Issues raised:

**Grounds for Your Challenge in This Petition**

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**  Denial Of the First Step Act: The B.O.P. has denied the Petitioner benefits of the First Step Act.

AA10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The B.O.P. has refused to release Mr. Rivera-Perez on home Confinement although he is eligible. The B.O.P. has also failed to Properly Calculate earned First Step Act time Credits that have been accured and apply First Step Act benefits towards petitioner's Sentence / Pre-release.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes                ☐ No

**GROUND TWO:** Excessive Confinement Of Imprisonment (U.S. Const. Amend. VIII.)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The BOP has recalculated and miscalculated Mr. Rivera-Perez's First Step Act time Credits and refused to release him on home Confinement on June 3, 2023 (06/03/23), which has Subjected him to Serve additional time in Prison.

(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes                ☐ No

**GROUND THREE:** Denial Of Equal Protection Of The Law (U.S. Const. Amend. V)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The B.O.P. has denied Mr. Rivera-Perez his right to have equal Protection Of the law, by denying him his benefits of the First Step Act and allowing him to be released on home Confinement.

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes                ☐ No

AA11

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Denial of Due Process (U.S. Const. Amend. V.)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The B.O.P. has denied Mr. Rivera-Perez his right to liberty by denying him his benefits of the First Step Act, which has subjected him to additional time in prison than required by law, and without due process of law.

(b) Did you present Ground Four in all appeals that were available to you?

☑ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

**Request for Relief**

15. State exactly what you want the court to do: Instruct the B.O.P to properly calculate Mr. Rivera-Perez's FSA time credits, provide him all of his earned benifits from his accured First Step Act time credit, and immediately release him from custody from the U.S. Bureau of Prisons on home confinement.

AA12

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

*October 10, 2023*

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: *10/10/23*

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

AA13

United States District Court
For The District Of Connecticut

Raul Rivera-Perez

                                        Case No.

  v.

Warden R. Stover

        Petitioner's Writ Of Habeas Corpus Pursuant To 28 U.S.C.§2241

     The Petitioner, Mr. Rivera-Perez hereby challanges the fact and duration of his imprisonment, (execution of his Sentence) and the execution of his Sentence regarding his Sentencing Monitoring Computation Data Sheet and his First Step Act time Credits. Mr. Rivera-Perez also Challanges the Violation of his Constitutional rights while in federal Custody. See 28 U.S.C. § 2241 (C)(3).

                        Memorandum Of Law

                            Argument

     The Petitioner hereby challanges the B.O.P.'s failure to properly apply earned First Step Act, and Constitutional Violations deriving from the B.O.P.'s failure to Properly apply earned First Step Act (FSA) time Credits. "A writ of habeas Corpus under 28 U.S.C.§ 2241 is avialable to a federal Prisoner who Challanges the execution Subsequent to his Conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

AA14

Thus, a Petitioner pursuant to § 2241 is the appropiate vehicle for Challenging the Computation of a Prisoner's Sentence by Prison Officials. Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006).

I.       Denial Of The First Step Act

The B.O.P. has denied Mr. Rivera-Perez his earned benefits of the First Step Act, including 365 days of time credits earned towards home Confinement. The B.O.P. has also failed to Calculate Mr. Rivera-Perez's home Confinement eligibility date, and refuses to allow the Petitioner to be released on home Confinement in violation of the First Step Act. See 18 U.S.C.§ 3632 (d)(4)(C); See also 18 U.S.C.§ 3624 (g).

Furthermore, the B.O.P.'s failure to properly apply earned FSA time Credits to his Sentence, has resulted in the Petitioner being incarcerated exceeding the time remaining of his Sentence. See Exhibit A. Mr. Rivera-Perez was Supposed to be released on home Confinement on June 3, 2023, which the B.O.P. acknowledge and refused to do. See Exibit B. Mr. Rivera-Perez is being Prevented from being released on home Confinement, although he has earned the time Credits and is entitled to the FSA time Credits. See Exhibit C; See also Exhibit A.

FSA time Credits, when applied, advance date when the Prisoner will be placed in "pre-release Custody" (including home Confinement or residential re-entry Center facilities), or accelerate the date when the Prisoner will leave B.O.P. Custody to Start a term of Court-imposed Supervised release. Yufenyuy v. Warden FCI Berlin, No. 22-CV-443-AJ, 2023 U.S. Dist. 40186, 2023 WL 2398300, at * 2-3 (D.N.H. Mar. 7, 2023)

(2)

AA15

The B.O.P.'s conduct has prevented Mr. Rivera-Perez from the benefits of the First Step Act, in which he is entitled to under the plain language of the First Step Act (FSA). See e.g., Komando v. Warden, 2023 U.S. Dist. LEXIS 70827, at *[7]. This Court must give effect to the statutory text. See Chevron USA, Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).

## II.   Excessive Confinement Of Imprisonment

Here, the B.O.P.'s recalculation and miscalculation of Mr. Rivera-Perez's earned FSA time credits, and the B.O.P.'s refusal to release the Petitioner on home confinement on June 3, 2023, has subjected Mr. Rivera-Perez to approximately 4 months of excessive confinement in violation of the Eighth Amendment (and ongoing). See U.S. Const. Amend. VIII. Subjecting a prisoner to detention beyond the termination of his sentence is held to violate the proscription in the Eighth Amendment to the United States Constitution, U.S. Const. Amend. VIII, against cruel and unusual punishment. See U.S. Const. Amend. VIII.

## III.   Denial Of Equal Protection Of The Law

As noted, the B.O.P. has denied Mr. Rivera-Perez equal protection of the law, by denying him benefits of the First Step Act, including home confinement. See U.S. Const. Amend. V.

IV.                     Denial Of Due Process

Consequently, the B.O.P. has denied the Petitioner his right to liberty, by having disregard of releasing him from Prison, denying him due process. See U.S. Const. Amend. V. "Such an arbitrary disregard of a Petitioner's liberty is a denial of due process of law." See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). The Fifth Amendment States that no Person Shall be denied life, liberty, or limb without due process of law. See U.S. Const. Amend. V.

V.     Exhuastion Of Administrative Remedy Process

In this matter, Mr. Rivera-Perez has attempted to fully exuast his administrative remedies, but has not Successfully exhuasted all remedies due to the B.O.P.'s Staff misrepresenting the administrative remedy Process, by making the administrative remedy process Unavailable. See e.g., Ross v. Blake, 578 U.S. 632, 644-646 (2016). "An administrative remedy is not available when Prison administrators thwart inmates from taking advantage of a greivance process through machination, misrepresentation, or intimidation." Id

Therefore, the Petitioner ask that he would be excused from administrative exuastion requirements because: (1) he has attempted to fully exhuast his administrative remedies (See Exhibit D); (2) administrative remedy has provided no genuine oppertunity for adequate relief; (3) B.O.P. Staff has misrepresented administrative remedy process by exceeding deadlines to respond, without adequate notice of extenstion; (4) irreperable injury regarding the Petitioner's freedom has occured, in which immediate Judicial review is needed.

AA17

( 4 )

And (5) The Petioner's petition raises substantial Constitutional questions. See e.g. Beharry v. Ashcroft, 329 F.3d 51, 62 (2d cir. 2003

## Conclusion

The Petitioner, Mr. Rivera-Perez, respectfully requesting this Honorable Court to grant this Petition, granting Mr. Rivera-Perez immediate release to home Confinement, and instructing the B.O.P. to release the Petitioner from their Custody.

Respectfully Submitted
By Raul Rivera-Perez (Prose)

x _Raul Rivera Perez_                Date: 10/10/23

## Certificate Of Service

The Petitioner, hereby certifies that the foregoing document is being sent to the U.S. District Court.

x _Raul Rivera Perez_                Date: 10/10/23

(5) AA18

# Exhibit

# F

```
ALMKX  540*23 *              SENTENCE MONITORING          *    11-17-2021
PAGE 001        *            COMPUTATION DATA             *    11:12:26
                             AS OF 11-17-2021


REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


FBI NO...........: 496104HA3           DATE OF BIRTH: 06-13-1956  AGE:  65
ARS1.............: ALM/A-DES
UNIT.............: UNIT 4B              QUARTERS.....: D08-230L
DETAINERS........: NO                  NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 06-03-2025

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-03-2025 VIA GCT REL


------------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: 97-CR-245-01(PG)
JUDGE...........................: PEREZ-GIMENEZ
DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00


------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
         SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:      5 YEARS
NEW SENTENCE IMPOSED...........:    360 MONTHS
BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
DATE OF OFFENSE................: 10-30-1997


G0002      MORE PAGES TO FOLLOW . . .
```

AA20

```
ALMKX  540*23 *              SENTENCE MONITORING           *    11-17-2021
PAGE 002          *          COMPUTATION DATA              *    11:12:26
                             AS OF 11-17-2021

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL



-----------------------CURRENT JUDGMENT/WARRANT NO: 030 ---------------------

COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: CR.99-125-10(JAF)
JUDGE...........................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00       $00.00         $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
TERM OF SUPERVISION.............:     3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CONCURRENT
DATE OF OFFENSE.................: 05-05-1999



G0002      MORE PAGES TO FOLLOW . . .
```

AA21

```
ALMKX  540*23 *              SENTENCE MONITORING          *    11-17-2021
PAGE 003 OF 003 *            COMPUTATION DATA             *    11:12:26
                              AS OF 11-17-2021
```

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


----------------------------CURRENT COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

```
DATE COMPUTATION BEGAN..........: 05-11-2001
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   30 YEARS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 10-30-1997

JAIL CREDIT.....................:     FROM DATE       THRU DATE
                                      12-14-1999      05-10-2001

TOTAL PRIOR CREDIT TIME.........: 514
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1470
TOTAL GCT EARNED................: 984
STATUTORY RELEASE DATE PROJECTED: 12-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2019
EXPIRATION FULL TERM DATE.......: 12-12-2029
TIME SERVED.....................:     21 YEARS      11 MONTHS       4 DAYS
PERCENTAGE OF FULL TERM SERVED..:  73.1
PERCENT OF STATUTORY TERM SERVED:  84.4

PROJECTED SATISFACTION DATE.....: 12-03-2025
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: 8-15-16 RECEIVED ORDER REDUCING TERM FRM LIFE TO 360M PURSUANT
               TO THE DGA,UPDATED DIS/GCT R/JSC. 11-8-18 DIS/GCT UPDTD R/DJC
               11/8/18 UPTD DIS/GCT R/SMB. 2-19-19 DIS GCT R/JMD. 7-3-19
               UPDTD DIS/GC R/SMB.01-30-20 UPDTD DIS R/LLA


G0000        TRANSACTION SUCCESSFULLY COMPLETED

AA22

```
   ALMKX  540*23  *            SENTENCE MONITORING          *       05-18-2022
   PAGE 001         *            COMPUTATION DATA             *       07:45:00
                                  AS OF 05-18-2022

   REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


   FBI NO............: 496104HA3           DATE OF BIRTH: 06-13-1956  AGE:  65
   ARS1.............: ALM/A-DES
   UNIT.............: UNIT 4B              QUARTERS.....: D08-230L
   DETAINERS........: NO                   NOTIFICATIONS: NO

   FSA ELIGIBILITY STATUS IS: INELIGIBLE

   THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

   HOME DETENTION ELIGIBILITY DATE....: 06-03-2025

   THE INMATE IS PROJECTED FOR RELEASE: 12-03-2025 VIA GCT REL


   ----------------------CURRENT JUDGMENT/WARRANT NO: 020 --------------------------

   COURT OF JURISDICTION...........: PUERTO RICO
   DOCKET NUMBER...................: 97-CR-245-01(PG)
   JUDGE...........................: PEREZ-GIMENEZ
   DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
   DATE COMMITTED..................: 03-26-2002
   HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
   PROBATION IMPOSED...............: NO


                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
   NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

   RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

   ----------------------CURRENT OBLIGATION NO: 010 --------------------------
   OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
   OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
           SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.: LIFE
   TERM OF SUPERVISION............:     5 YEARS
   NEW SENTENCE IMPOSED...........:   360 MONTHS
   BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
   DATE OF OFFENSE................: 10-30-1997




   G0002       MORE PAGES TO FOLLOW . . .
```

AA23

```
  ALMKX   540*23 *            SENTENCE MONITORING          *    05-18-2022
PAGE 002        *            COMPUTATION DATA             *    07:45:00
                             AS OF 05-18-2022

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


---------------------CURRENT JUDGMENT/WARRANT NO: 030 ---------------------

COURT OF JURISDICTION............: PUERTO RICO
DOCKET NUMBER....................: CR.99-125-10(JAF)
JUDGE............................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED...................: 03-26-2002
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00       $00.00         $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
 TERM OF SUPERVISION.............:     3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONCURRENT
 DATE OF OFFENSE.................: 05-05-1999




G0002       MORE PAGES TO FOLLOW . . . .
```

AA24

```
ALMKX  540*23 *              SENTENCE MONITORING            *    05-18-2022
PAGE 003 OF 003 *             COMPUTATION DATA              *    07:45:00
                             AS OF 05-18-2022


REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


-------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

DATE COMPUTATION BEGAN..........: 05-11-2001
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-30-1997

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    12-14-1999     05-10-2001

TOTAL PRIOR CREDIT TIME.........: 514
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1470
TOTAL GCT EARNED................: 1038
STATUTORY RELEASE DATE PROJECTED: 12-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2019
EXPIRATION FULL TERM DATE.......: 12-12-2029
TIME SERVED.....................:    22 YEARS     5 MONTHS      5 DAYS
PERCENTAGE OF FULL TERM SERVED..: 74.7
PERCENT OF STATUTORY TERM SERVED: 86.3

PROJECTED SATISFACTION DATE.....: 12-03-2025
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS........: 8-15-16 RECEIVED ORDER REDUCING TERM FRM LIFE TO 360M PURSUANT
                 TO THE DGA,UPDATED DIS/GCT R/JSC. 11-8-18 DIS/GCT UPDTD R/DJC
                 11/8/18 UPTD DIS/GCT R/SMB. 2-19-19 DIS GCT R/JMD. 7-3-19
                 UPDTD DIS/GC R/SMB.01-30-20 UPDTD DIS R/LLA




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

AA25

```
DANDC  540*23 *          SENTENCE MONITORING          *    08-01-2023
PAGE 001        *          COMPUTATION DATA            *    12:19:23
                            AS OF 08-01-2023


REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


FBI NO............: 496104HA3          DATE OF BIRTH: 06-13-1956  AGE:  67
ARS1..............: DAN/A-DES
UNIT..............: 2 GP               QUARTERS.....: G03-024L
DETAINERS.........: NO                 NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-03-2024

FINAL STATUTORY RELEASE FOR INMATE.: 12-03-2025 VIA GCT REL
            WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-03-2024 VIA FSA REL



---------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------


COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: 97-CR-245-01(PG)
JUDGE..........................: PEREZ-GIMENEZ
DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
DATE COMMITTED.................: 03-26-2002
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


            FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00      $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
        SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:    5 YEARS
 NEW SENTENCE IMPOSED...........:   360 MONTHS
 BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
 DATE OF OFFENSE................: 10-30-1997




 G0002      MORE PAGES TO FOLLOW . . . .
```

AA26

```
DANDC  540*23 *              SENTENCE MONITORING            *    08-01-2023
PAGE 002         *           COMPUTATION DATA               *    12:19:23
                             AS OF 08-01-2023
```

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

```
COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: CR.99-125-10(JAF)
JUDGE...........................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:   $100.00         $00.00           $00.00       $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
```
OFFENSE CODE....: 391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1
```

```
SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
TERM OF SUPERVISION.............:     3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CONCURRENT
DATE OF OFFENSE.................: 05-05-1999
```

G0002     MORE PAGES TO FOLLOW . . .

AA27

```
DANDC  540*23 *           SENTENCE MONITORING        *    08-23-2023
PAGE 001       *           COMPUTATION DATA           *    09:33:52
                            AS OF 08-23-2023

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


FBI NO...........: 496104HA3          DATE OF BIRTH: 06-13-1956  AGE:  67
ARS1.............: DAN/A-DES
UNIT.............: 2 GP                QUARTERS.....: G03-024L
DETAINERS........: NO                  NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-03-2024

FINAL STATUTORY RELEASE FOR INMATE.: 12-03-2025 VIA GCT REL
        WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-03-2024 VIA FSA REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION............: PUERTO RICO
DOCKET NUMBER....................: 97-CR-245-01(PG)
JUDGE............................: PEREZ-GIMENEZ
DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
DATE COMMITTED...................: 03-26-2002
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

            FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00      $00.00        $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 391    21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
        SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:      5 YEARS
NEW SENTENCE IMPOSED...........:    360 MONTHS
BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
DATE OF OFFENSE................: 10-30-1997




G0002      MORE PAGES TO FOLLOW . . .
```

AA28

```
DANDC  540*23 *          SENTENCE MONITORING          *    08-23-2023
PAGE 002        *          COMPUTATION DATA            *    09:33:52
                           AS OF 08-23-2023
```

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


---------------------------CURRENT JUDGMENT/WARRANT NO: 030 -------------------------

```
COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: CR.99-125-10(JAF)
JUDGE...........................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS   MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:  $100.00         $00.00           $00.00         $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------CURRENT OBLIGATION NO: 010 ---------------------------
```
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1
```

```
SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
TERM OF SUPERVISION.............:     3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CONCURRENT
DATE OF OFFENSE.................: 05-05-1999
```

G0002      MORE PAGES TO FOLLOW . . .

AA29

```
DANDC  540*23 *          SENTENCE MONITORING        *    08-23-2023
PAGE 003 OF 003 *        COMPUTATION DATA           *    09:33:52
                         AS OF 08-23-2023
```

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL

-------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

```
DATE COMPUTATION BEGAN..........: 05-11-2001
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-30-1997

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    12-14-1999     05-10-2001

TOTAL PRIOR CREDIT TIME.........: 514
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1470
TOTAL GCT EARNED................: 1092
STATUTORY RELEASE DATE PROJECTED: 12-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2019
EXPIRATION FULL TERM DATE.......: 12-12-2029
TIME SERVED.....................:    23 YEARS     8 MONTHS    10 DAYS
PERCENTAGE OF FULL TERM SERVED..: 78.9
PERCENT OF STATUTORY TERM SERVED: 91.2

PROJECTED SATISFACTION DATE.....: 12-03-2024
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 365
```

REMARKS.......: 8-15-16 RECEIVED ORDER REDUCING TERM FRM LIFE TO 360M PURSUANT
               TO THE DGA,UPDATED DIS/GCT R/JSC. 11-8-18 DIS/GCT UPDTD R/DJC
               11/8/18 UPTD DIS/GCT R/SMB. 2-19-19 DIS GCT R/JMD. 7-3-19
               UPDTD DIS/GC R/SMB.01-30-20 UPDTD DIS R/LLA

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

AA30

```
  DANDC   540*23  *            SENTENCE MONITORING        *      09-26-2023
  PAGE 001         *            COMPUTATION DATA           *      12:28:29
                                 AS OF 09-26-2023


  REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


  FBI NO...........: 496104HA3          DATE OF BIRTH: 06-13-1956  AGE:   67
  ARS1.............: DAN/A-DES
  UNIT.............: 2 GP                QUARTERS......: G03-024L
  DETAINERS........: NO                  NOTIFICATIONS: NO


  FSA ELIGIBILITY STATUS IS: ELIGIBLE

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

  HOME DETENTION ELIGIBILITY DATE....: 12-05-2024

  FINAL STATUTORY RELEASE FOR INMATE.: 12-03-2025 VIA GCT REL
             WITH APPLIED FSA CREDITS.: 180   DAYS
  THE INMATE IS PROJECTED FOR RELEASE: 06-06-2025 VIA FSA REL



  -----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

  COURT OF JURISDICTION...........: PUERTO RICO
  DOCKET NUMBER...................: 97-CR-245-01(PG)
  JUDGE...........................: PEREZ-GIMENEZ
  DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
  DATE COMMITTED..................: 03-26-2002
  HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
  PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
  NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

  RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

  -----------------------CURRENT OBLIGATION NO: 010 -----------------------
  OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
  OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
           SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

  SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.: LIFE
  TERM OF SUPERVISION.............:     5 YEARS
  NEW SENTENCE IMPOSED...........:     360 MONTHS
  BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
  DATE OF OFFENSE................: 10-30-1997



  G0002       MORE PAGES TO FOLLOW . . .
```

AA31

```
   DANDC  540*23 *              SENTENCE MONITORING         *      09-26-2023
PAGE 002          *            COMPUTATION DATA            *      12:28:29
                              AS OF 09-26-2023

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL



---------------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------------

COURT OF JURISDICTION............: PUERTO RICO
DOCKET NUMBER....................: CR.99-125-10(JAF)
JUDGE............................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED...................: 03-26-2002
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
 TERM OF SUPERVISION.............:     3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONCURRENT
 DATE OF OFFENSE.................: 05-05-1999




 G0002       MORE PAGES TO FOLLOW . . .
```

AA32

```
DANDC   540*23 *          SENTENCE MONITORING          *    09-26-2023
PAGE 003 OF 003 *         COMPUTATION DATA             *    12:28:29
                          AS OF 09-26-2023

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


-------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

DATE COMPUTATION BEGAN...........: 05-11-2001
AGGREGATED SENTENCE PROCEDURE...:  AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT.............:   360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-30-1997

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    12-14-1999     05-10-2001

TOTAL PRIOR CREDIT TIME.........: 514
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1470
TOTAL GCT EARNED................: 1092
STATUTORY RELEASE DATE PROJECTED: 12-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2019
EXPIRATION FULL TERM DATE.......: 12-12-2029
TIME SERVED.....................:    23 YEARS    9 MONTHS    13 DAYS
PERCENTAGE OF FULL TERM SERVED..:  79.2
PERCENT OF STATUTORY TERM SERVED:  91.5

PROJECTED SATISFACTION DATE.....: 06-06-2025
PROJECTED SATISFACTION METHOD...: FSA REL
      WITH FSA CREDITS INCLUDED...: 180

REMARKS........: 8-15-16 RECEIVED ORDER REDUCING TERM FRM LIFE TO 360M PURSUANT
                 TO THE DGA,UPDATED DIS/GCT R/JSC. 11-8-18 DIS/GCT UPDTD R/DJC
                 11/8/18 UPTD DIS/GCT R/SMB. 2-19-19 DIS GCT R/JMD. 7-3-19
                 UPDTD DIS/GC R/SMB.01-30-20 UPDTD DIS R/LLA




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

AA33

```
DANDC  540*23  *          SENTENCE MONITORING        *      10-05-2023
PAGE 001        *          COMPUTATION DATA           *      13:10:39
                           AS OF 10-05-2023

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


FBI NO...........: 496104HA3           DATE OF BIRTH: 06-13-1956  AGE:  67
ARS1.............: DAN/A-DES
UNIT.............: 2 GP                QUARTERS.....: G03-024L
DETAINERS........: NO                  NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-03-2024

FINAL STATUTORY RELEASE FOR INMATE.: 12-03-2025 VIA GCT REL
         WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-03-2024 VIA FSA REL


----------------------CURRENT JUDGMENT/WARRANT NO: 020 --------------------

COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: 97-CR-245-01(PG)
JUDGE...........................: PEREZ-GIMENEZ
DATE SENTENCED/PROBATION IMPOSED: 05-11-2001
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


              FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $100.00      $00.00          $00.00     $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 391    21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846 AND 21:841(A)(1) CONSPIRACY TO DISTRIBUTE COCAINE, A
         SCHEDULE II NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:     5 YEARS
NEW SENTENCE IMPOSED...........:   360 MONTHS
BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
DATE OF OFFENSE................: 10-30-1997



G0002      MORE PAGES TO FOLLOW . . . .
```

AA34

```
  DANDC  540*23 *            SENTENCE MONITORING         *     10-05-2023
PAGE 002          *          COMPUTATION DATA            *     13:10:39
                             AS OF 10-05-2023


REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL



-----------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: CR.99-125-10(JAF)
JUDGE...........................: FUSTE
DATE SENTENCED/PROBATION IMPOSED: 02-26-2002
DATE COMMITTED..................: 03-26-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00       $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ------------------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:841(A)(1) AND 846 UNLAWFUL CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE MORE THAN 5KG OF COCAINE,A SCHEDULE II
         NARCOTIC DRUG CONTROLLED SUBSTANCE AND MORE THAN 1KG OF HEROIN
         A SCHEDULE I NARCOTIC DRUG CONTROLLED SUBSTANCE,COUNT 1

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
TERM OF SUPERVISION.............:     3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CONCURRENT
DATE OF OFFENSE.................: 05-05-1999




G0002       MORE PAGES TO FOLLOW . . .
```

AA35

```
DANDC  540*23 *            SENTENCE MONITORING          *    10-05-2023
PAGE 003 OF 003 *         COMPUTATION DATA             *    13:10:39
                          AS OF 10-05-2023
```

REGNO..: 04661-069 NAME: RIVERA-PEREZ, RAUL


------------------------------CURRENT COMPUTATION NO: 020 -------------------------


COMPUTATION 020 WAS LAST UPDATED ON 01-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

DATE COMPUTATION BEGAN...........: 05-11-2001
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT.............:   360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    30 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-30-1997

JAIL CREDIT......................:     FROM DATE      THRU DATE
                                       12-14-1999     05-10-2001

TOTAL PRIOR CREDIT TIME..........: 514
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1470
TOTAL GCT EARNED.................: 1092
STATUTORY RELEASE DATE PROJECTED: 12-03-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-13-2019
EXPIRATION FULL TERM DATE.......: 12-12-2029
TIME SERVED......................:      23 YEARS       9 MONTHS      22 DAYS
PERCENTAGE OF FULL TERM SERVED..:  79.3
PERCENT OF STATUTORY TERM SERVED:  91.6

PROJECTED SATISFACTION DATE.....: 12-03-2024
PROJECTED SATISFACTION METHOD...: FSA REL
     WITH FSA CREDITS INCLUDED...: 365

REMARKS........: 8-15-16 RECEIVED ORDER REDUCING TERM FRM LIFE TO 360M PURSUANT
                 TO THE DGA,UPDATED DIS/GCT R/JSC. 11-8-18 DIS/GCT UPDTD R/DJC
                 11/8/18 UPTD DIS/GCT R/SMB. 2-19-19 DIS GCT R/JMD. 7-3-19
                 UPDTD DIS/GC R/SMB.01-30-20 UPDTD DIS R/LLA


G0000       TRANSACTION SUCCESSFULLY COMPLETED

# Exhibit

# B

TRULINCS  04661069 - RIVERA-PEREZ, RAUL - Unit: DAN-G-A

--------------------------------------------------------------------------------------------------------------

FROM: East Unit
TO: 04661069
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/14/2023 04:52:02 PM

Per the Second Chance Act, you are eligible up to one year, you are not entitled up to one year. Unit Team determined 180 days was appropriate to help you re-integrate back into society. Please follow up your concerns through the Administrative Remedy Process.

---

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Monday, August 14, 2023 2:29 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To: B. Dobek
Inmate Work Assignment: RRC/ HC

This is precisely the problem, you have indicated that I have been recommended via Second Chance Act that I am only provided with 6 months in regards to the Second Chance Act, this is inaccurate I should be provided with no less than 12 months because of the lenth of time I have been incarcerrated and the time I need to regress back into the community. Furthermore, my FSA time credit regarding my RRC/ HC has changed since 06/16/23, in which I have accumulated 365 days regarding RRC/ HC and have accumilated more 365 days pertaining to my supervised release. In which the warden recently published a Memorandum stating that inmates may substitute any credits exceeding 365 days of supervised release of fsa time credits towards RRC/ HC.

The time that is being reccomended for RRC/ HC is incorrect. I shall not be incarcerated at this moment. Also the date that my sentence computation sheet indicates I should have been placed on home confinement has already passed, and I am also an ederly offeder in which I am supposed to be releasd from prison after I have served 2/3 of my sentence. In which I have already served. I am respectfully requesting that I am immedltaly releasd on home confinement of a re-entry residential center. My Constituional right regarding my right to liberty (Due Process) and my right to be protected against excessive confinement (Cruel and Unusual Punishment) is being violated. See U.S. Const. Amend. V and VIII. Please resolve this issue or I will be forced to seek civil action.
-----East Unit on 8/14/2023 6:47 AM wrote:


>
On 6/16/23, you were recommended 505 days of RRC with a placement date of 7/13/2023 (180 days via Second Chance Act and 325 days via FTC towards RRC). The RRM then issued a RRC placement date of 7/2/2024. Unit Team recommended you the appropriate number of days per the Second Chance Act and First Step Act.

---

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Thursday, August 10, 2023 3:01 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To: B. Dobek
Inmate Work Assignment: RRC / HC

Please acknowledge the request I have previously sent you.
-----RIVERA-PEREZ, RAUL on 8/1/2023 4:56 PM wrote:


>

"Cop-Out"

I am respectfully requesting that I am immediately released into a Re-entry Residential Center. I have been incarecreated for 691 months and the facility has only idicated that I will be provided with 6 months of RRC. My time has passed for me to be released into society. Pursuant to 18 U.S.C. 3632 and 18 U.S.C. 3624(c)(1)-(C)(2), I am eligible to be released into soceity into a RRC not exceeding twelve months, which is seperate from the 365 days of RRC/ HC credits I have obtained in regards to my FSA Time Credit Assesment sheet. Please do the right thing and release me to a RRC as soon as possible, failure to do so would result in me pursuing legal action for violation of my consttutional rights and the laws of the United States. Please and

AA38

TRULINCS  04661069 - RIVERA-PEREZ, RAUL - Unit: DAN-G-A

---------------------------------------------------------------------------------------------------

FROM: 04661069
TO: Warden
SUBJECT: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A
DATE: 08/14/2023 10:32:41 AM

To: R. Stover
Inmate Work Assignment: RRC/HC

Please resolve this issue. I have recently submitted a BP-09 regarding this issue that has been addressed to you (in which you acknowledged) and facility staff. I should not be incarcerated at this moment. I am respectfully requesting that I am immeditaly released from this prison to a re-entry residential center or on home confinement in which you the Warden (R. Stover) has the authourity and the diiscretion to resolve this issue. Please help.
-----RIVERA-PEREZ, RAUL on 8/14/2023 10:29 AM wrote:

>

This is precisely the problem, you have indicated that I have been recommended via Second Chance Act that I am only provided with 6 months in regards to the Second Chance Act, this is inaccurate I should be provided with no less than 12 months because of the lenth of time I have been incarcerrated and the time I need to regress back into the community. Furthermore, my FSA time credit regarding my RRC/ HC has changed since 06/16/23, in which I have accumilated 365 days regarding RRC/ HC and have accumilated more 365 days pertaining to my supervised release. In which the warden recently published a Memorandum stating that inmates may substitute any credits exceeding 365 days of supervised release of fsa time credits towards RRC/ HC.

        The time that is being reccomended for RRC/ HC is incorrect. I shall not be incarcerated at this moment. Also the date that my sentence computation sheet indicates I should have been placed on home confinment has already passed, and I am also an ederly offeder in which I am supposed to be releasd from prison after I have served 2/3 of my sentence. In which I have already served. I am respectfully requesting that I am immeditaly releasd on home confinment of a re-entry residential center. My Constituional right regarding my right to liberty (Due Process) and my right to be protected against excessive confinement (Cruel and Unusual Punishment) is being violated. See U.S. Const. Amend. V and VIII. Please resolve this issue or I will be forced to seek civil action.
-----East Unit on 8/14/2023 6:47 AM wrote:

>

On 6/16/23, you were recommended 505 days of RRC with a placement date of 7/13/2023 (180 days via Second Chance Act and 325 days via FTC towards RRC). The RRM then issued a RRC placement date of 7/2/2024. Unit Team recommended you the appropriate number of days per the Second Chance Act and First Step Act.

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Thursday, August 10, 2023 3:01 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To: B. Dobek
Inmate Work Assignment: RRC / HC

Please acknowledge the request I have previously sent you.
-----RIVERA-PEREZ, RAUL on 8/1/2023 4:56 PM wrote:

>

"Cop-Out"

    I am respectfully requesting that I am immediately released into a Re-entry Residential Center. I have been incarecreated for 691 months and the facility has only idicated that I will be provided with 6 months of RRC. My time has passed for me to be released into society. Pursuant to 18 U.S.C. 3632 and 18 U.S.C. 3624(c)(1)-(C)(2), I am eligible to be released into soceity into a RRC not exceeding twelve months, which is seperate from the 365 days of RRC/ HC credits I have obtained in regards to my FSA Time Credit Assesment sheet. Please do the right thing and release me to a RRC as soon as possible, failure to do so would result in me pursuing legal action for violation of my constitutional rights and the laws of the United States. Please and thank you.

AA39

TRULINCS  04661069 - RIVERA-PEREZ, RAUL - Unit: DAN-G-A

----------------------------------------------------------------------------------------------------

FROM: CMC
TO: 04661069
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/20/2023 12:12:02 PM

The RRM's Office has the final approval authority. You can try and write them if you'd like.

_____

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Tuesday, July 18, 2023 3:17 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To; ms cocho
Inmate Work Assignment: none

can you put me in for reconsideration please...
-----CMC on 7/18/2023 2:32 PM wrote:

>
They have quotas/caseloads for home confinement also. They would have considered that if they could.

_____

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Tuesday, July 18, 2023 12:10 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To: ms. Cocho
Inmate Work Assignment: yard pm.

i understand there is no room in the halfway house but i want to be recommended for home confinement eligiblity. my halfway house date is shorter than my home confinement date. also with the extra fsa it would kick me out immediately. how can you help me?
thank you
-----CMC on 7/18/2023 11:07 AM wrote:

>
You were actually referred by your case manager for a July 2023 placement. The RRM's Office gave you the July 2024 date, and they have the final approval authority. You can try and write them if you'd like.

_____

From: ~^! RIVERA-PEREZ, ~^!RAUL <04661069@inmatemessage.com>
Sent: Sunday, July 9, 2023 7:55 PM
Subject: ***Request to Staff*** RIVERA-PEREZ, RAUL, Reg# 04661069, DAN-G-A

To: ms. Cocho
Inmate Work Assignment: yard pm.

How are you? I have 334 days of fsa credit toward my home confinement but I was only given 5 months halfway house. I was told you can help because I have been incarcerated over 23 years and i ma 67 years old. I qualify for elderly home comfinement and fsa home comfinement. Please. help.

AA40

TRULINCS 04661069 - RIVERA-PEREZ, RAUL - Unit: DAN-G-A
-----------------------------------------------------------------------------------------------------

thank you.

# Exhibit
# C

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 04661-069 | Responsible Facility: DAN |
| Inmate Name | Assessment Date.....: 05-28-2023 |
|   Last............: RIVERA-PEREZ | Period Start/Stop...: 12-21-2018 to 05-28-2023 |
|   First...........: RAUL | Accrued Pgm Days....: 1448 |
|   Middle..........: | Disallowed Pgm Days.: 171 |
|   Suffix..........: | FTC Towards RRC/HC..: 325 |
| Gender..............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 05-11-2001 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

----------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 09-18-2019 | accrue | 63 |

  Accrued Pgm Days...: 63
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 45

----------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 09-18-2019 | 11-14-2019 | disallow | 57 |

  Not in qualifying admit status

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| FTD | ARS | TRANSFER | 09-17-2019 | 1012 | 09-17-2019 | 1012 |
| B15 | ARS | A-ADMIT | 09-17-2019 | 1012 | 09-17-2019 | 1218 |
| B15 | ARS | RELEASE | 09-17-2019 | 1218 | 09-17-2019 | 1218 |
| BRO | ARS | A-BOP HLD | 09-17-2019 | 1218 | 11-06-2019 | 0232 |
| BRO | ARS | HLD REMOVE | 11-06-2019 | 0232 | 11-06-2019 | 0232 |
| B04 | ARS | A-ADMIT | 11-06-2019 | 0232 | 11-06-2019 | 0750 |
| B04 | ARS | RELEASE | 11-06-2019 | 0750 | 11-06-2019 | 0750 |
| CAA | ARS | A-BOP HLD | 11-06-2019 | 0750 | 11-14-2019 | 1030 |

----------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 11-14-2019 | 01-30-2020 | accrue | 77 |

  Accrued Pgm Days...: 77
  Carry Over Pgm Days: 1
  Time Credit Factor.: 15

Assessment Date: 05-28-2023                    AA43                    Assessment# -2146659334

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

U.S. DEPARTMENT OF JUSTICE                                          FEDERAL BUREAU OF PRISONS

Time Credits........: 30

------------------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 01-30-2020 | 03-06-2020 | disallow | 36 |

  In SHU

| Facility | Category | Assignment | Start | Stop |
|----------|----------|------------|-------|------|
| ALF | QTR | Z03-118LDS | 01-30-2020 1504 | 01-31-2020 1434 |
| ALF | QTR | Z02-206UDS | 01-31-2020 1434 | 02-04-2020 0949 |
| ALF | QTR | Z02-207UDS | 02-04-2020 0949 | 02-14-2020 1308 |
| ALF | QTR | Z02-206LDS | 02-14-2020 1308 | 02-18-2020 1607 |
| ALF | QTR | Z02-207LDS | 02-18-2020 1607 | 03-03-2020 1535 |
| ALF | QTR | Z02-206LDS | 03-03-2020 1535 | 03-05-2020 1306 |

------------------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 03-06-2020 | 03-03-2023 | accrue | 1092 |

  Accrued Pgm Days...: 1092
  Carry Over Pgm Days: 18
  Time Credit Factor.: 15
  Time Credits........: 555

------------------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 03-03-2023 | 05-20-2023 | disallow | 78 |

  Declined programming

| Facility | Category | Assignment | Start | Stop |
|----------|----------|------------|-------|------|
| DAN | DRG | DAP DECL | 03-03-2023 0823 | 05-19-2023 1204 |

------------------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 05-20-2023 | 05-28-2023 | accrue | 8 |

  Accrued Pgm Days...: 8
  Carry Over Pgm Days: 0
  Time Credit Factor.: 15
  Time Credits........: 0

--- FSA Assessment -----------------------------------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | Factor |
|---|-------|------|--------|-----------------|----------------|--------|
| 001 | 12-21-2018 | 01-18-2019 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | ACTUAL | FSA R-LW | 04-28-2021 1253 | 15 |

------------------------------------------------------------------------------------------

Assessment Date: 05-28-2023                    AA42                    Assessment# -2146659334

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

U.S. DEPARTMENT OF JUSTICE                               FEDERAL BUREAU OF PRISONS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 008 | 01-02-2022 | 07-01-2022 | ACTUAL | FSA R-LW | 08-31-2021 | 1434 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | ACTUAL | FSA R-LW | 02-11-2022 | 1305 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | ACTUAL | FSA R-LW | 07-27-2022 | 1139 | 15 |

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 04661-069 | Responsible Facility: DAN |
| Inmate Name | Assessment Date.....: 07-31-2023 |
|   Last............: RIVERA-PEREZ | Period Start/Stop...: 12-21-2018 to 07-31-2023 |
|   First...........: RAUL | Accrued Pgm Days....: 1512 |
|   Middle..........: | Disallowed Pgm Days.: 171 |
|   Suffix..........: | FTC Towards RRC/HC..: 355 |
| Gender............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 05-11-2001 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 09-18-2019 | accrue | 63 |

  Accrued Pgm Days...: 63
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 45

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 09-18-2019 | 11-14-2019 | disallow | 57 |

**Not in qualifying admit status**

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| FTD | ARS | TRANSFER | 09-17-2019 | 1012 | 09-17-2019 | 1012 |
| B15 | ARS | A-ADMIT | 09-17-2019 | 1012 | 09-17-2019 | 1218 |
| B15 | ARS | RELEASE | 09-17-2019 | 1218 | 09-17-2019 | 1218 |
| BRO | ARS | A-BOP HLD | 09-17-2019 | 1218 | 11-06-2019 | 0232 |
| BRO | ARS | HLD REMOVE | 11-06-2019 | 0232 | 11-06-2019 | 0232 |
| B04 | ARS | A-ADMIT | 11-06-2019 | 0232 | 11-06-2019 | 0750 |
| B04 | ARS | RELEASE | 11-06-2019 | 0750 | 11-06-2019 | 0750 |
| CAA | ARS | A-BOP HLD | 11-06-2019 | 0750 | 11-14-2019 | 1030 |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 11-14-2019 | 01-30-2020 | accrue | 77 |

  Accrued Pgm Days...: 77
  Carry Over Pgm Days: 1
  Time Credit Factor.: 15

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

---

Time Credits.......: 30

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 01-30-2020 | 03-06-2020 | disallow | 36 |

In SHU

| Facility | Category | Assignment | Start | | Stop | |
|----------|----------|------------|-------|--|------|--|
| ALF | QTR | Z03-118LDS | 01-30-2020 | 1504 | 01-31-2020 | 1434 |
| ALF | QTR | Z02-206UDS | 01-31-2020 | 1434 | 02-04-2020 | 0949 |
| ALF | QTR | Z02-207UDS | 02-04-2020 | 0949 | 02-14-2020 | 1308 |
| ALF | QTR | Z02-206LDS | 02-14-2020 | 1308 | 02-18-2020 | 1607 |
| ALF | QTR | Z02-207LDS | 02-18-2020 | 1607 | 03-03-2020 | 1535 |
| ALF | QTR | Z02-206LDS | 03-03-2020 | 1535 | 03-05-2020 | 1306 |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 03-06-2020 | 03-03-2023 | accrue | 1092 |

Accrued Pgm Days...: 1092
Carry Over Pgm Days: 18
Time Credit Factor.: 15
Time Credits.......: 555

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 03-03-2023 | 05-20-2023 | disallow | 78 |

Declined programming

| Facility | Category | Assignment | Start | | Stop | |
|----------|----------|------------|-------|--|------|--|
| DAN | DRG | DAP DECL | 03-03-2023 | 0823 | 05-19-2023 | 1204 |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|------------|----------|
| 05-20-2023 | 07-31-2023 | accrue | 72 |

Accrued Pgm Days...: 72
Carry Over Pgm Days: 0
Time Credit Factor.: 15
Time Credits.......: 30

--- FSA Assessment ----------------------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | | Factor |
|---|-------|------|--------|-----------------|----------------|--|--------|
| 001 | 12-21-2018 | 01-18-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |

---

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 008 | 01-02-2022 | 07-01-2022 | ACTUAL | FSA R-LW | 08-31-2021 | 1434 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | ACTUAL | FSA R-LW | 02-11-2022 | 1305 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | ACTUAL | FSA R-LW | 07-27-2022 | 1139 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | ACTUAL | FSA R-LW | 06-17-2023 | 1003 | 15 |

New ___ 9/24/23

# FSA Time Credit Assessment
Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 04661-069 | Responsible Facility: DAN |
| Inmate Name | Assessment Date......: 09-05-2023 |
|   Last............: RIVERA-PEREZ | Period Start/Stop...: 12-21-2018 to 09-05-2023 |
|   First...........: RAUL | Accrued Pgm Days....: 441 |
|   Middle..........: | Disallowed Pgm Days.: 1278 |
|   Suffix..........: | FTC Towards RRC/HC..: 0 |
| Gender............: MALE | FTC Towards Release.: 180 |
| Start Incarceration: 05-11-2001 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 09-18-2019 | accrue | 63 |

  Accrued Pgm Days...: 63
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 45

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 09-18-2019 | 11-14-2019 | disallow | 57 |

**Not in qualifying admit status**

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| FTD | ARS | TRANSFER | 09-17-2019 | 1012 | 09-17-2019 | 1012 |
| B15 | ARS | A-ADMIT | 09-17-2019 | 1012 | 09-17-2019 | 1218 |
| B15 | ARS | RELEASE | 09-17-2019 | 1218 | 09-17-2019 | 1218 |
| BRO | ARS | A-BOP HLD | 09-17-2019 | 1218 | 11-06-2019 | 0232 |
| BRO | ARS | HLD REMOVE | 11-06-2019 | 0232 | 11-06-2019 | 0232 |
| B04 | ARS | A-ADMIT | 11-06-2019 | 0232 | 11-06-2019 | 0750 |
| B04 | ARS | RELEASE | 11-06-2019 | 0750 | 11-06-2019 | 0750 |
| CAA | ARS | A-BOP HLD | 11-06-2019 | 0750 | 11-14-2019 | 1030 |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 11-14-2019 | 01-15-2020 | accrue | 62 |

  Accrued Pgm Days...: 62
  Carry Over Pgm Days: 1
  Time Credit Factor.: 15

*New 9/28/23*

## FSA Time Credit Assessment

Register Number:04661-069, Last Name:RIVERA-PEREZ

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

Time Credits.......: 30

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 01-15-2020 | 05-20-2023 | disallow | 1221 |

In SHU

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| ALF | QTR | Z03-118LDS | 01-30-2020 | 1504 | 01-31-2020 | 1434 |
| ALF | QTR | Z02-206UDS | 01-31-2020 | 1434 | 02-04-2020 | 0949 |
| ALF | QTR | Z02-207UDS | 02-04-2020 | 0949 | 02-14-2020 | 1308 |
| ALF | QTR | Z02-206LDS | 02-14-2020 | 1308 | 02-18-2020 | 1607 |
| ALF | QTR | Z02-207LDS | 02-18-2020 | 1607 | 03-03-2020 | 1535 |
| ALF | QTR | Z02-206LDS | 03-03-2020 | 1535 | 03-05-2020 | 1306 |

Declined programming

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| JES | DRG | DAP WAIT | 06-06-2017 | 1447 | 10-04-2017 | 1044 |
| DAN | DRG | DAP DECL | 03-03-2023 | 0823 | 05-19-2023 | 1204 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 05-20-2023 | 09-05-2023 | accrue | 108 |

Accrued Pgm Days...: 108
Carry Over Pgm Days: 3
Time Credit Factor.: 15
Time Credits.......: 45

--- FSA Assessment ---

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | | Factor |
|---|---|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | ACTUAL | FSA R-LW | 04-28-2021 | 1253 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | ACTUAL | FSA R-LW | 08-31-2021 | 1434 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | ACTUAL | FSA R-LW | 02-11-2022 | 1305 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | ACTUAL | FSA R-LW | 07-27-2022 | 1139 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | ACTUAL | FSA R-LW | 06-17-2023 | 1003 | 15 |

Assessment Date: 09-05-2023       AA50       Assessment# -2146232524

# Exhibit
# D

AA51

RECEIPT — ADMINISTRATIVE REMEDY

DATE: AUGUST 4, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DANBURY FCI

TO : RAUL RIVERA-PEREZ, 04661-069
     DANBURY FCI    UNT: 2 GP      QTR: G03-024L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID         : 1170732-F1
DATE RECEIVED     : AUGUST 2, 2023
RESPONSE DUE      : AUGUST 22, 2023
SUBJECT 1         : RESIDENTIAL REENTRY CENTER REFERRALS
SUBJECT 2         :



AA52

AA53

RECEIPT - ADMINISTRATIVE REMEDY

DATE: AUGUST 11, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DANBURY FCI

TO  : RAUL RIVERA-PEREZ, 04661-069
      DANBURY FCI     UNT: 2 GP      QTR: G03-024L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 1170732-F1
DATE RECEIVED    : AUGUST 2, 2023
RESPONSE DUE     : AUGUST 22, 2023
SUBJECT 1        : RESIDENTIAL REENTRY CENTER REFERRALS
SUBJECT 2        :

AA53

AA54

"Special mail- outgoing legal mail"

Raul Rivera-Perez
Reg No. 04661-069
FCI Danbury
Pembroke Station
Danbury, CT 06811

United States Courthouse
915 Lafayette Boulevard, Room 400
Bridgeport, CT 06604-4706

CERTIFIED MAIL
7022 0410 0001 1689 4657

X-RAY SCREEN COMPLETED

Legal mail

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAUL RIVERA-PEREZ,
                Petitioner,                                    No. 3:23-cv-1348 (SRU)

        v.

RICK STOVER,
                Respondent.

**MEMORANDUM OF DECISION**

Petitioner Raul Rivera-Perez ("Rivera-Perez") filed *pro se* a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. *See* Petition ("Pet."), Doc. No. 1. At the time he filed,

Rivera-Perez was incarcerated at Federal Correctional Institution Danbury ("FCI Danbury"). *Id.*

at ¶ 2. Rivera-Perez challenges the failure of the Bureau of Prisons ("BOP") to release him due to

their miscalculation of his time credits under the First Step Act ("FSA"). *Id.* at ¶ 13. Rivera-

Perez asks the Court to "[i]nstruct" the BOP to properly calculate and provide him his earned

FSA time credit and "release him from [the] custody [of] the BOP on home confinement." *Id.* at

¶ 15.

On December 15, 2023, Respondent Rick Stover—the Warden of the federal prison

where Petitioner was housed—filed a response asserting that the Petition should be denied

because Rivera-Perez (1) failed to exhaust his BOP administrative remedies,[1] (2) Rivera-Perez

lacks a right under the FSA or the Second Chance Act ("SCA") to request that a court order his

---

[1] Warden Stover later withdrew the argument that Rivera-Perez had failed to exhaust his claim.
Resp't Reply, Doc. No. 12.

transfer to home confinement, and (3) the BOP has discretion under 18 U.S.C. § 3621(b) to delay his transfer to prerelease custody.[2] Resp't Response, Doc. No. 9.

On January 19, 2024, Warden Stover filed a motion to dismiss and supplemental response, arguing that the Petition was now moot because (1) the BOP has transferred Rivera-Perez to prerelease custody after proper calculation and application of his FSA time credits, and (2) the Court cannot order Rivera-Perez's home confinement. Mot. to Dismiss, Doc. No. 13-1.

On October 17, 2024, I notified the parties that, liberally construing Rivera-Perez's *pro se* petition, I read it as raising the alternative argument that any remaining credits that were not applied by the BOP to transfer Rivera-Perez to prerelease custody should be applied to reduce

---

[2] Section 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence. The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence—
> > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

2

his time on supervised release. *See* Notice, Doc. No. 16. I gave the parties an opportunity to

submit briefing in response to the question whether any remaining FSA time credits may be

applied to reduce Rivera-Perez's term of supervised release. *Id.* On November 7, 2024, Warden

Stover submitted a response, arguing that the FSA does not permit application of FSA credits to

shorten a term of supervised release. *See* Response to Order for Suppl. Br., Doc. No. 17.

For the following reasons, I conclude that the Petition should be **granted**, and Warden

Stover's motion to dismiss, doc. no. 13, should be **denied.**

## I.    LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas

corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his

sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S.*

*Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, section 2241 petitions are

appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v.*

*Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL

3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation

on a section 2241 petition).

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action

for lack of subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction under

Rule 12(b)(1) is appropriate "when the district court lacks the statutory or constitutional power to

adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving

a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . .

may refer to evidence outside the pleadings." *Id.* "A plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists." *Id.* "Under Article

III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter

jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir.

2013).

## II.    BACKGROUND

Rivera-Perez was sentenced in the United States District Court for the District of Puerto

Rico to a term of life imprisonment with a five-year term of supervised release for Conspiracy to

Distribute Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). *See* Smith Decl., Resp't Ex. 1,

Doc. No. 9-1, at ¶ 4. His term of imprisonment was later reduced to a 360-month term of

imprisonment with a five-year term of supervised release. *Id.*

### A.  First Step Act ("FSA")

The FSA encourages federal inmates to participate in evidence-based recidivism

reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits

to an inmate who successfully participates in such programs. *See* 18 U.S.C. § 3632(d)(4)(A); 28

C.F.R. § 523.40(b); *Dailey*, 2023 WL 3456696, at *2. An inmate's initial risk and needs

assessment is ordinarily completed within 28 days of his/her arrival at the designated facility. *See*

BOP Program Statement 5410.01, CN-2, § 5.[3] Inmates are reassessed at each regularly scheduled

Program Review throughout the remainder of their incarceration. *See id.* Program Reviews occur

approximately every 180 days unless an inmate is within one year of release, at which point

those reviews occur every 90 days. *See* 28 C.F.R. § 524.11(a)(2). An inmate earns either ten or

---

[3] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. *See Giraldo v. Kessler*, 694
F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public
record.").

AA58

fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or

PAs. 18 U.S.C. § 3632(d)(4)(A).[4]

Under FSA regulation Section 523.41, an otherwise eligible inmate will generally not be

considered to be "successfully participating" in EBRR Programs or PAs in situations including,

but not limited to:

> (i) Placement in a Special Housing Unit;
> (ii) Designation status outside the institution (*e.g.,* for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.);
> (iii) Temporary transfer to the custody of another Federal or non-Federal government agency (*e.g.,* on state or Federal writ, transfer to state custody for service of sentence, etc.);
> (iv) Placement in mental health/psychiatric holds; or
> (v) "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment).

28 C.F.R. § 523.41(c)(4)(i)-(v).

Prisoners' terms of imprisonment are computed under applicable law. *See* 18 U.S.C.

§ 3624(g)(1)(C). Inmates can benefit from time credits only if they have shown a demonstrated

risk reduction or are maintaining a minimum/low risk of recidivism. *See* 18 U.S.C. §

3624(g)(1)(B).[5] In addition, an inmate may accumulate credits every month, but in order to be

"eligible" to have credits *applied*, an inmate must have "earned time credits under the risk and

needs assessment system . . . in an amount that is equal to the remainder of the prisoner's

---

[4] Eligible inmates who successfully complete EBRRs and PAs earn ten days of time credits for every thirty days of successful participation pursuant to 18 U.S.C. § 3632(d)(4)(A)(i). An eligible inmate who has been determined by the BOP to be a minimum or low risk for recidivating over two consecutive assessments earns fifteen days of time credits for every thirty days of successful participation pursuant to 18 U.S.C. § 3632(d)(4)(A)(ii).

[5] An inmate's status under immigration laws may also have an impact his or her ability to apply FSA time credits because prisoners "subject to a final order of removal" are statutorily ineligible to apply earned time credits. 18 U.S.C. § 3632(d)(4)(E); *see Flete-Garcia v. Stover*, 2023 WL 8435854, at *2 (D. Conn. Nov. 29, 2023); *Saleen v. Pullen*, 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023).

5

AA59

imposed term of imprisonment." *See* 18 U.S.C. § 3624(g)(1)(A). "In other words, the inmate is not 'eligible' for application of his FSA time credits until the number of credits equals the number of days remaining in his sentence." *Pujols v. Stover*, 2023 WL 4551423, at *1 (D. Conn. July 14, 2023).

Application of FSA time credits enables an inmate to be transferred to prerelease custody or supervised release earlier than the completion date of his sentence. *See* 18 U.S.C. §§ 3624(g)(2) and (3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen v. Pullen*, 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) ("Prerelease custody can be in the form of either home confinement or transfer to a residential reentry center."). If the inmate has a term of supervised release imposed as part of their sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." *See* 18 U.S.C. § 3624(g)(3) (emphasis added).

B. Second Chance Act

The Second Chance Act provides, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1). Thus, the BOP has discretion to determine whether a prisoner receives prerelease custody placement and how much time the prisoner receives within the twelve-month maximum period. *See* 18 U.S.C. § 3621(b).

C. Petitioner's Release Date

At the time this Petition was filed, the BOP had determined Rivera-Perez's projected release date, with consideration of Petitioner's good conduct time under 18 U.S.C. § 3624(b), as

AA60

December 3, 2025. *See* Smith Decl., Resp't Ex. 1, Doc. No. 9-1, at ¶ 5. Rivera-Perez was eligible

to earn FSA credits, and the BOP's FSA Time Credit Assessment showed that he had earned 780

FSA credits as of December 2, 2023. *Id.* at ¶ 6; FSA Time Credit Assessment, Doc. No. 9-3.

Under 18 U.S.C. § 3624(g)(3), the BOP may apply 365 days of FSA credits to shorten

Rivera-Perez's term of imprisonment and begin his term of supervised release at an earlier date.

Thus, after application of his 365 days of FSA credit, Rivera-Perez's release date was modified

to December 3, 2024. Thereafter, Rivera-Perez had 415 FSA earned but unused time credits

remaining. Smith Decl., Resp't Ex. 1, Doc. No. 9-1, at ¶¶ 8-9.

In his supplemental brief, Rivera-Perez explains that Danbury FCI staff advised that he

would be released to a halfway house on January 17, 2024. Pet'r Suppl. Br., Doc. No. 7, at 2.

Publicly available information shows that Petitioner has now been transferred from FCI Danbury

to a residential reentry center in the Middle District of North Carolina.[6]

## III.    DISCUSSION

Warden Stover argues that the Petition is moot because the Court cannot afford Rivera-

Perez any further relief. *See* Mot. to Dismiss, Doc. No. 13-1, at 2 (citing *Martin-Trigona v. Shiff*,

702 F.2d 380, 386 (2d Cir. 1983)) ("The hallmark of a moot case or controversy is that the relief

sought can no longer be given or is no longer needed."). The record shows that Rivera-Perez's

FSA time credits have been credited to afford him an early transfer to prerelease custody and

supervised release under 18 U.S.C. § 3624(g)(3). *See* Smith Decl., Resp't Ex. 1, Doc No. 9-1, at

¶¶ 6-9. Petitioner acknowledges that the BOP properly credited 365 days toward his prerelease

---

[6] The publicly available information of the BOP inmate locator shows that Petitioner is now located at RRM Raleigh. *See* https://www.bop.gov/inmateloc//. The Federal Bureau of Prisons website provides that the RRM Raleigh is the field office for management of residential reentry centers in the Mid-Atlantic region, which includes the Middle District of North Carolina. *See* https://www.bop.gov/locations/ccm/crl/.

AA61

custody date and an additional amount toward his transfer to prerelease custody, but he asserts that he still had remaining FSA time credit that he was not given the full benefit of. Pet'r Suppl. Br., Doc. No. 7.[7]

A. Jurisdiction

As an initial matter, I note that following his transfer to prerelease custody, Rivera-Perez has been in the custody of the BOP at the RRM Raleigh, in North Carolina. Habeas relief ordinarily can only be granted in a petitioner's "district of confinement." **Carbo v. United States**, 364 U.S. 611, 618 (1961). **See also Rumsfeld v. Padilla**, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'") (quoting **Braden v. 30th Judicial Circuit Court of Ky.**, 410 U.S. 484, 495 (1973)). The district of confinement rule "serves the important purpose of preventing forum shopping by habeas petitioners." **Id.** at 447.

Accordingly, courts have held that a petitioner's post-petition transfer to an out-of-district facility "moots an action for injunctive relief against the transferring facility." **Prins v. Coughlin**, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam). **See also Beagle v. Easter**, 2021 WL 1026885, at *3 (D. Conn. Mar. 17, 2021) (concluding that a petition challenging the petitioner's conditions of confinement was rendered moot in light of the petitioner's transfer to an out-of-district detention facility).

The Supreme Court and Second Circuit have been clear, though, that the district of confinement rule is "not jurisdictional in the sense of a limitation on subject-matter jurisdiction."

---

[7] Petitioner claims that he had 871 days that should be credited toward his residential reentry confinement or home confinement. **Id.** at 2. But neither his nor Respondent's documentation submitted in this matter substantiates that claim.

AA62

*Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring); *Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011). *See also id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."). Whether a district court has "jurisdiction" over a section 2241 petition comes down to two questions: "who is the proper respondent to that petition? And second, does the [District Court] have jurisdiction over him or her?" *Id.* at 434. Ordinarily, the proper respondent is a petitioner's immediate custodian, and the proper venue is the district in which the petitioner is confined. *Id.* at 435, 443. Here, Warden Stover is no longer Rivera-Perez' immediate custodian, and Rivera-Perez is no longer confined in the District of Connecticut. But because the rules governing respondent and venue are not a limit on subject matter jurisdiction, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (citing *Ex parte Endo*, 323 U.S. 283 (1944)).

When Rivera-Perez filed his petition, he was confined at FCI Danbury in Danbury, Connecticut. He properly named Warden Stover, the warden of FCI Danbury, as the respondent to his petition, and filed the petition in the judicial district in which FCI Danbury is located, the District of Connecticut. This Court thus initially obtained jurisdiction over the Petition, and it retains jurisdiction over the Petition even though the BOP has since transferred Rivera-Perez out of the district. The remaining question is whether there is any respondent within this Court's jurisdiction to whom the writ may be directed. Here, unlike cases in which a petitioner challenges their conditions of confinement at a specific facility, and thus seeks injunctive relief

9

against their immediate custodian, Rivera-Perez seeks relief in the form of application of FSA time credits that he alleges he earned but were not properly credited against his sentence. That type of relief can be effectuated by the BOP generally, not any one warden specifically. *See* 28 C.F.R. § 0.96 (delegation of authority to the BOP to compute sentences and designate an inmate's place of imprisonment or confinement). As he acknowledges in his briefing, Warden Stover has been sued in his official capacity, and thus the real party in interest is the BOP. The District of Connecticut has the BOP "within reach of its process," *Ex parte Endo*, 323 U.S. at 306-07, and may therefore direct the writ to the BOP generally. *See also Mason v. Alatary,* 2023 WL 2965619, at *3 (N.D.N.Y. Apr. 17, 2023) ("Courts have found that the presence of a BOP facility within the jurisdiction, even after a petitioner was transferred to a different judicial district, was sufficient to keep the respondent 'within reach' and allow the original district court to maintain jurisdiction.").

Having concluded that this Court may properly exercise its jurisdiction over Rivera-Perez's petition despite his transfer from FCI Danbury to RRM Raleigh, I now turn to the merits of Warden Stover's motion to dismiss.

B. Application of Time Credits

Warden Stover argues that I cannot grant any further relief because Rivera-Perez's transfer to supervised release has been accelerated by one year, *see* 18 U.S.C. § 3624(g)(3) ("the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months"), and he has already been transferred to prerelease custody. *See* Mot. to Dismiss, Doc. No. 13-1, at 3. Warden Stover further argues that any remaining FSA time credits cannot be applied to reduce a prisoner's term of supervised release. *See id.*; Response to Order for Suppl. Br., Doc. No. 17. The FSA provides that time

10

AA64

credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. §

3632(d)(4)(C). Some district courts have interpreted that provision as plain language that

provides for application of FSA time credits to reduce a term of supervised release, *see Dyer v.*

*Fulgam*, 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022) ("the unambiguous, mandatory

language of the statute provides that earned-time credits may be applied to a term of supervised

release"); but others have rejected that construction of section 3632(d)(4)(C), holding that the

statute does not permit a prisoner to reduce the imposed length of supervised release. *See, e.g.,*

*United States v. Calabrese*, 2023 WL 1969753, at *2 (N.D. Ohio Feb. 13, 2023) ("[T]he statute

provides that time credits shall be applied *toward* supervised release. Use of the word 'toward'

means that credits can be applied to bring 'time in prerelease custody or supervised release'

closer.").

Relying on *Calabrese*, Warden Stover interprets the phrase "toward . . . time in

supervised release" in section 3632(d)(4)(C) as only allowing the BOP to "accelerat[e] the

beginning of supervised release." Doc. No. 17, at 3. I disagree that the plain meaning of the word

"toward," as used in section 3624(d)(4)(C), is synonymous with "accelerate" or "bring closer."

Although I cannot disagree that the word "toward," in isolation, means "in the direction of; on a

course or line leading to," *see Calabrese*, 2023 WL 1969753, at *2 (citing Black's Law

Dictionary (11th ed. 2019)), the word "toward" does not appear in isolation in section

3632(d)(4)(C). Instead, the word "toward" is used in the phrase "time credits . . . shall be

applied toward." Applying credits toward something ordinarily means reducing that thing. For

example, applying a store credit toward the cost of an item means that the cost of that item is

reduced by the amount of the credit. Similarly, applying a credit toward one's account balance

means that the balance will be reduced by the amount of the credit. The plain meaning of the

11

AA65

phrase "applied toward time in . . . supervised release" thus clearly suggests that FSA credits are to be applied to reduce a term of supervised release. Interpreting the word "toward," in isolation, to mean anything else would go against the fundamental principle that statutory language must be read in its context. *See Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("[S]tatutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context.").

Warden Stover also argues that the second sentence of section 3632(d)(4)(C) "makes it clear that time credits are to be used to reduce incarceration time so as to accelerate the beginning of prerelease custody or supervised release, not reduce supervised release." Doc. No. 17, at 3. The second sentence reads: "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Other district courts have also looked to that second sentence of section 3632(d)(4)(C) as confirmation that the prior sentence only allows the BOP to bring closer a term of supervised release. *See, e.g., Guerriero v. Miami RRM*, 2024 WL 2017730, at *2 (11th Cir. May 7, 2024) ("[T]he second sentence clearly indicates that Congress meant that the time credits are to be used to reduce incarceration time so as to accelerate the beginning of prerelease custody or supervised release, or, as the second sentence of § 3632(d)(4)(C) says: 'transfer eligible prisoners . . . into prelease custody or supervised release.'"). Reading the second sentence as merely confirming the meaning of the first, however, would render the second sentence entirely superfluous. *See Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837 (1988) ("As our cases have noted in the past, we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.").

AA66

Giving meaning to both sentences of section 3632(d)(4)(C), I conclude that the more natural reading is that the first sentence allows credits to be applied to reduce a term of (i.e., "time in") prerelease custody or supervised release, and the second sentence allows the BOP to apply credits to transfer an inmate to prerelease custody or to supervised at an earlier date. The second sentence thus provides the mechanism to carry out the FSA's purpose of reducing an eligible inmate's time in incarceration. *See* 164 Cong. Rec. S7746 (daily ed. Dec. 18, 2018) (statement of Sen. Cornyn) ("[T]he incentive for prisoners is to go through the program, gain the earned credit so that they can be released."). If it were unclear, the second sentence's reference to section 3624(g) provides clarity on that sentence's purpose. Section 3624(g) states that the BOP "may" transfer a prisoner "to begin any such term of supervised release at an earlier date . . . based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). Supervised release begins after incarceration ends, so an early transfer to supervised release necessarily reduces an inmate's time spent incarcerated. Thus, contrary to the *Calabrese* court's concern that "reading 'toward time in prerelease custody or supervised release' to mean FSA credits shall reduce the overall terms of either prerelease custody or supervise release would write out any mechanism in the statute for FSA credits to reduce an eligible prisoner's time in custody in prison," 2023 WL 1969753, at *3, the second sentence of section 3632(d)(4)(C) not only provides exactly that mechanism for the BOP to reduce a term of imprisonment, but it uses mandatory language *requiring* release from prison. *See* 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons *shall* transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.") (emphasis added).

Of course, as the Eleventh Circuit pointed out in *Guerriero*, "§ 3632(d)(4)(C) does not permit the BOP to apply a prisoner's FSA time credits to his period of supervised release." 2024

AA67

WL 2017730, at *1. That is only because the BOP has no role whatsoever in determining or crediting time in supervised release. Once a federal inmate is released from BOP custody to begin supervision by Probation, the BOP has no further authority over that inmate. *See* 18 U.S.C. § 3624(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer . . . . The term of supervised release commences on the day the person is released from imprisonment."); *see also United States v. Earl*, 729 F.3d 1064, 1068 (9th Cir. 2013) ("We therefore interpret the term 'released' in the context of the statute to require not only release from imprisonment, but also release from the BOP's legal custody at the expiration of the prisoner's prescribed sentence."). Consistent with that reality, the first sentence of section 3632(d)(4)(C), unlike the second, is not directed at the BOP, but rather uses passive voice: "Time credits . . . *shall be applied* toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Finally, Warden Stover argues that the FSA's purpose of encouraging rehabilitation of offenders—both in prison, through the recidivism reduction programs that the FSA created, and after, through supervised release—would be unfulfilled if credits were used to reduce a term of supervised release, rather than a term of incarceration. *See* Doc. No. 17, at 4-5. In support, he relies on *United States v. Johnson*, 529 U.S. 53, 59 (2000), in which the Supreme Court analyzed a separate statute and explained that the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." But, as I just explained, the FSA provides a mechanism *both* for using credits to reduce a term of incarceration and *also* for using any remaining credits to reduce a term of supervised release. In addition, the purpose of both FSA programming and supervised release is the same: rehabilitating the offender, easing the transition to the community, and protecting the public against recidivism.

14

*See id.* It is perfectly logical that, in order to provide an incentive to prisoners to start their efforts at rehabilitation while still in prison and thus to facilitate their transition to the community, Congress would offer the potential to reduce time in prerelease custody or supervised release, programs that both serve the same goals. *See* 18 U.S.C. § 3624(g)(4) ("In determining appropriate conditions for prisoners placed in prerelease custody . . . [the BOP] shall . . . provide that increasingly less restrictive conditions shall be imposed on prisoners who demonstrate continued compliance with the conditions of such prerelease custody, so as to most effectively prepare such prisoners for reentry.").

Notably, prisoners that the BOP determines are at a low risk of recidivism are eligible to earn additional FSA credits. *See* 18 U.S.C. § 3632(d)(4)(A)(ii) ("A prisoner determined by the [BOP] to be at a minimum or low risk for recidivating . . . shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming."). Again, it makes sense that individuals at a lower risk of recidivating—and who thus are less in need of rehabilitation—can potentially have their time in supervised release be reduced to a greater extent. Doing so does not undermine the rehabilitative purpose of the either the FSA or supervised release, nor does it undermine the incentive structure of the FSA. Rather, it acknowledges that prisoners who rehabilitate in prison need less time to rehabilitate on supervised release. Eliminating any ability for individuals like Rivera-Perez to get the benefit of their remaining FSA credits that the BOP did not—and cannot, by virtue of the twelve-month limitation in section 3624(g)(3)—use to transfer them out of custodial imprisonment, by contrast, would certainly eliminate any incentive to participate in FSA programming once they have earned twelve months of credit.

15

AA69

I acknowledge that numerous out-of-circuit cases have rejected *Dyer* and held that FSA credits cannot be applied to reduce a term of supervised release. *See, e.g., United States v. Calhoun*, 2023 WL 7930053, at *2 (S.D. Miss. Nov. 16, 2023) ("*Dyer* has gained almost no traction and has been expressly rejected by nearly every court to consider it."). "Just because nearly every court has reached the same conclusion," however, "does not mean the construction is correct." *Id.* at *3. Based on the plain language of the statute, read in context, I conclude that FSA credits *can*—and in fact *must*, according to the mandatory language of section 3632(d)(4)(C)—be applied to reduce a term of supervised release. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits . . . *shall* be applied toward time in prerelease custody *or* supervised release.") (emphasis added).

Rivera-Perez has demonstrated that he has not received the benefit of all the FSA credits that he earned. As of December 2, 2023, Rivera-Perez had earned 780 FSA credits. *See* FSA Time Credit Assessment, Doc. No. 9-3. After application of 365 days of FSA credit to accelerate the start of his term of supervised release, moving his release date to December 3, 2024, Rivera-Perez had 415 unused FSA time credits remaining. *See* Smith Decl., Resp't Ex. 1, Doc. No. 9-1, at ¶¶ 8-9. Warden Stover represents that Rivera-Perez was transferred to prerelease custody on or about January 17, 2024. *See* Mot. to Dismiss, Doc. No. 13-1, at 1 ("[O]n or about January 17, 2024, Petitioner's location of confinement transferred from FCI Danbury to a Dismas Charities residential reentry center."). Even if, as it appears, the BOP applied 321 FSA credits to accelerate Rivera-Perez's transfer to prerelease custody, he would still have 94 unused credits remaining.[8]

---

[8] The BOP transferred Rivera-Perez to prerelease custody 321 days prior to his adjusted release date of December 3, 2024. But that fact does not automatically compel the conclusion that the BOP used 321 of Rivera-Perez' FSA credits to do so. The FSA does impose an obligation on the BOP to apply time credits to accelerate an inmate's transfer to prerelease custody. *See* 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, as

AA70

Rivera-Perez's petition is therefore not moot, and granting it will allow his remaining time credits to be applied to reduce his term of supervised release.

C. Home Confinement

Finally, I consider Rivera-Perez's specific request for an order instructing the BOP to "immediately release him . . . on home confinement." **See** Pet., Doc. No. 1, at ¶ 15. I cannot afford him that relief because the "BOP has the exclusive authority to determine the facility where an inmate will serve his sentence and to transfer the inmate from one facility to another." **Milchin v. Warden**, 2022 WL 1658836, *2 (D. Conn. May 25, 2022). Rivera-Perez is currently in prerelease custody, in the custody of the BOP at RMM Raleigh. Prerelease custody may include

---

determined under section 3624(g), into prerelease custody or supervised release."). But the BOP is also under an obligation, separate from that imposed by virtue of applying earned FSA time credits, to transfer an inmate to prerelease custody, when practicable, within the last twelve months of their term of imprisonment. **See id.** § 3624(c)(1) ("The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."). The BOP therefore could also have transferred Rivera-Perez to prerelease custody on January 17, 2024 pursuant to its authority under section 3624(c), in the process using **none** of Rivera-Perez's FSA credits. If that were the case, Rivera-Perez would still have 415 unused FSA time credits remaining. In either case, Rivera-Perez has demonstrated that he has some amount of unused FSA time credits remaining that should be applied to reduce his term of supervised release.

I also observe that the BOP's preexisting obligation to transfer inmates to prerelease custody reinforces my conclusion that FSA time credits should **also** be used toward reducing a term of prerelease custody or supervised release, where appropriate. The two statutory provisions just described are not entirely duplicative, because the twelve-month limitation in section 3624(c)(1) does not apply to the FSA. An inmate may spend longer than twelve months in prerelease custody via application of his FSA time credits. **See id.** § 3624(g)(10). Nonetheless, the interaction between section 3624(c) and the FSA indicates that the BOP may be in the practice of applying FSA credits to provide inmates a benefit—transfer from prison to prerelease custody in the final months of a term of imprisonment—that in many cases it is already under an obligation to provide. Allowing FSA credits to be applied toward reducing a term of prerelease custody or supervised release, by contrast, allows the BOP to use FSA credits, beyond the first 365 that are applied to accelerate release from BOP custody to supervised release, to provide an additional benefit to inmates beyond what section 3624(c) already requires.

17

AA71

either placement at a residential reentry center or in home confinement. *See* 18 U.S.C. § 3624(g)(2).

Any decision of the BOP relating to the place of confinement "is not reviewable by any court." 18 U.S.C. § 3621(b); *see also id.* ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . ." and may "direct the transfer of a prisoner from one penal or correctional facility to another."); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) (cautioning against "involv[ing] the judiciary in issues and discretionary decisions that are not the business of federal judges."); *United States v. Kanagbou*, 726 Fed. App'x 21, 25 n.1 (2d Cir. 2018) (noting that "the district court does not control how the Executive Branch carries out a defendant's sentence").

## IV.    CONCLUSION

For the foregoing reasons, Warden Stover's motion to dismiss is **denied**.

Rivera-Perez's petition for a writ of habeas corpus is **granted**. The BOP is directed to calculate the number of Rivera-Perez's unused FSA time credits and inform the U.S. Probation Office for the Middle District of North Carolina of that calculation so that it can apply those credits toward Rivera-Perez's term of supervised release.

The Clerk is instructed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

18

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RAUL RIVERA-PEREZ,

     Petitioner,

v.                                                                  3:23-cv-01348-SRU

R. STOVER,

     Respondent.

## JUDGMENT

This matter came on for consideration on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respondent's motion to dismiss before the Honorable Stefan R. Underhill, United States District Judge. The Court, having reviewed all papers filed in conjunction with the petition and the motion, entered a ruling on November 18, 2024, denying the motion to dismiss and granting the petition, for the reasons stated in the ruling.   It is therefore;

ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of the petitioner, RAUL RIVERA-PEREZ, against the respondent, R. STOVER, and the case is closed.

Dated at Bridgeport, Connecticut, this 19th day of November 2024.

DINAH MILTON KINNEY, Clerk

By:  /s/   Julia Reis
Deputy Clerk

EOD: 11/19/2024

AA73

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUL RIVERA-PEREZ | : | Case No. 23-cv-01348 (SRU) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| RICK STOVER | : | |
| Respondent. | : | January 16, 2025 |

## NOTICE OF APPEAL

Notice is hereby given that pursuant to Fed. R. App. P. 4(a)(1)(B), Rick Stover, the

respondent in the above-captioned case, appeals to the United States Court of Appeals for the

Second Circuit from this court's final judgment entered on November 19, 2024.


Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


/s/_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
T: (203) 821-3700
F: (203) 773-5373
Brian.Meskill@usdoj.gov


AA74

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to this District's Electronic Filing Policies and Procedures and Local Rules, I

certify that on this date, I served a full and complete copy of this notice.  Specifically, the

aforementioned materials are being sent by United States mail, postage prepaid, to

Petitioner's Local Civil Rule 83.1(c)(2) address of record:

**Raul Rivera-Perez**
**ID #: 04661-069**
**FCI Danbury**
**33 ½ Pembroke Rd.**
**Danbury, CT 06811**

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/*_____
J. Brian Meskill (ct29611)
Assistant United States Attorney

2

AA75

## CERTIFICATION OF SERVICE

I hereby certify that on May 1, 2025, a copy of the foregoing Respondent-Appellant's Appendix was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

J. BRIAN MESKILL
ASSISTANT U.S. ATTORNEY