<u>Rivera-Perez v. Stover</u>, No. 25-149

DENNIS JACOBS, *Circuit Judge*, concurring:

I concur entirely in the reasoning of the Court. I write separately to underline two points: (1) the one-word ambiguity in the statute is dispelled by designation of the Bureau of Prisons as the implementing authority; and (2) there is no such thing as wasted or unused time credits.

I.

As explained in the Opinion of the Court, the first sentence of 18 U.S.C. § 3632(d)(4)(C) contains an ambiguity that is sorted out in the second.

The application of time credits "toward time in prerelease custody or supervised release" is ambiguous because "toward," like "to," is a protean word and, as used here, it can mean either to *approach* or to *abate*: either to shorten the time toward the beginning of a period or to shorten the time of the period itself. The second sentence resolves the ambiguity: "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). The ambiguity is resolved by placing implementation in the hands of the Bureau of Prisons, which can do only what it can do. The BOP can reduce the time toward prerelease custody, *id.* §§ 3624(g)(1), 3624(g)(10), and it can reduce the time

toward supervised release (by shortening a term of imprisonment for up to 12 months), *id.* § 3624(g)(3). The BOP can also abate a term of prerelease custody. *Id.* §§ 3624(c)(1), 3624(g)(1). But the BOP most assuredly has no power to shorten the time imposed by a judge for supervised release. Designation of the BOP to implement Section 3632(d)(4)(C) definitionally limits that process to the power that the Bureau of Prisons can exert.

Supervised release is a sentence imposed by a court, never by the BOP. It is administered by Probation, not the BOP. *See id.* § 3624(e) (providing that "supervised release commences on the day the person is released from imprisonment" to "the supervision of a probation officer"). And determining the length of a term of supervised release requires, *inter alia*, considering the factors in 18 U.S.C. § 3553(a), which courts apply, and which the Bureau of Prisons does not. *See id.* § 3583(c).

The district court's order acknowledges this disconnect between means and ends. That is why the court had to order implementation by an extra-statutory contraption, directing the BOP to "calculate the number of Rivera-Perez's unused FSA time credits and inform the U.S. Probation Office for the Middle District of North Carolina of that calculation so that it can apply those

2

credits toward Rivera-Perez's term of supervised release." *Rivera-Perez v. Stover*, 757 F. Supp. 3d 204, 215 (D. Conn. 2024). The power that the BOP lacks is thus assigned to somebody else – Probation (in another district) – which, not incidentally, also lacks the judicial power that alone can shorten a court-ordered term of supervised release. Courts can indeed reduce (or eliminate) a term of supervised release, but only after considering the Section 3553(a) factors and only after the defendant has spent at least one year on supervised release. 18 U.S.C. § 3583(e)(1). It is telling that the district court's circuitous remedy is found nowhere in the statute.

## II.

The overarching error of the district court is to treat time credit as if it was (in the district court's inapt example) a store credit – which is lost unless it is applied. That error drives the felt need to find a use for credits that the district court deemed wasted otherwise. But a time credit is a benefit in itself.

It must be supposed that persons in prison benefit from drug treatment, counseling in anger management, cognitive behavioral treatment, mentoring, trauma counseling, and vocational training. *See* 28 C.F.R. § 523.41(a). Such self-help measures are often undertaken by people who are at liberty. So time credits

4

are not wasted if they exceed the number used to advance the date of prerelease custody or supervised release, or to advance the length of time in prerelease custody. Credits remain useful for what lies beyond custody: life outside prison. The idea that time credits can be a waste or surplusage is a misunderstanding of the whole system.